IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Andron L. Rose, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:11cv1131 (CMH/JFA) |
| ) | |
| Bryan Watson, ) | |
|     Respondent. ) | |

### MEMORANDUM OPINION

Andron L. Rose, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court for the City of Richmond, Virginia. On March 16, 2012, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but has filed no reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed.

### I. Background

Petitioner is confined pursuant to a final judgment of the Circuit Court for the City of Richmond, Virginia entered on January 8, 2010. Following a bench trial, petitioner was convicted of breaking and entering and grand larceny. Case Nos. 09F-4550 and 09F-4551. The trial court sentenced petitioner to ten years in prison with nine years suspended for the breaking and entering conviction, and ten years in prison with nine years suspended for the grand larceny conviction. The per curiam opinion issued by the Court of Appeals of Virginia denying petitioner's petition for appeal on direct review establishes the following underlying facts:

The evidence established that on the evening of May 26, 2009, Michael Ciaer, owner and operator of Modern Coins in downtown Richmond, closed his store between 5:30 and 6:00 p.m. After visiting an antique store located next door between 7:30 and 8:00 p.m., Ciaer checked to make sure his store was locked, and went home.

Ciaer arrived at his store the following morning and noticed "[t]he front glass was busted out, [a] piece of metal string from the door was broken out, and [the] glass was wide open where you [could] just go in and out." Ciaer went inside and discovered he was missing seven gold coins, paper currency, commemorative coins, and two firearms.

Richmond Police Detective Levinwhite was assigned to investigate the break-in. One day after the burglary, Levinwhite came into contact with appellant at a local motel where appellant was living. Levinwhite asked appellant if he could talk to appellant about a "break-in down on Grace Street." Appellant started to respond, but Levinwhite interrupted, stating "he wanted the coins back first." Cooperating with detectives, appellant took Levinwhite and Detective Key back to his room and told them the items were in a plastic bag on his nightstand. Two Krugerrand gold coins and some paper currency were discovered. The currency included $4,000 to $6,000 in United States currency, as well as some foreign currency. Appellant told Levinwhite he purchased the items found in the bag.[1]

Ciaer testified that he was familiar with appellant because appellant often stood outside Ciaer's store. Ciaer had banned appellant from entering his store on five separate occasions. Approximately one month before the break-in, appellant visited Ciaer's store. Appellant had a coin that belonged to the store. Appellant returned the coin after Ciaer threatened to call the police. Two days before the break-in, Ciaer asked appellant to leave the store and appellant began screaming, "I'm going to rob you and then I'm going to kill you."

At trial, appellant denied taking any items from Modern Coins. Appellant testified that on the evening of May 26, 2009, he was watching a basketball game at the Leon Bar. Appellant explained

---

[1] Ciaer later identified the coins and currency as items stolen from his store. R. No. 0179-10-2 at 2 n.1.

2

> that as he was leaving the bar between 10:00 p.m. and 11:00 p.m., a man carrying a duffel bag approached him and sold him gold coins and currency for $100. Appellant stated that he had seen the man before, but did not know the man's name, address or phone number. Appellant said he did not know the goods were stolen, and also denied ever threatening Ciaer.

R. No. 0719-10-2 at 1-3.

Petitioner pursued a direct appeal, arguing the evidence was insufficient to support his convictions and that the trial court abused its discretion when it allowed the Commonwealth to introduce evidence that appellant previously told Ciaer, "I'm going to rob you and then I'm going to kill you," because the statement was irrelevant. The Court of Appeals of Virginia denied the appeal in a per curiam order dated July 23, 2010. R. No. 0719-10-2. On January 28, 2011, the Supreme Court of Virginia refused petitioner's request for further appeal. R. No. 102021.

On February 11, 2011,[2] petitioner timely filed a state habeas petition, raising the following claims:

> A. He did not commit the crimes and the evidence at trial was insufficient to convict him.
>
> B. The detective mishandled the evidence "by giving it away before trial."[3]
>
> C. The judge found him guilty of one charge but sentenced him to two charges.
>
> D. Motions were denied that should have been granted.[4]
>
> E. The Commonwealth, Rose's trial counsel, and the judge "conspired together and found [Rose] guilty."

---

[2] Petitioner previously filed two other habeas petitions in the Supreme Court of Virginia, which were dismissed without prejudice because the convictions were pending on appeal. See R. No. 100894 and R. No. 101111.

[3] According to the trial transcript, the detective returned the stolen property to the owner approximately thirty days after the offense.

[4] Petitioner did not specify any particular motions.

> F. The property that was the subject of the grand larceny was not appraised for its "authentic value."

The Supreme Court of Virginia denied and dismissed the petition on July 5, 2011. R. No. 110256. Petitioner filed a petition for rehearing, which the Supreme Court of Virginia denied on September 21, 2011. R. No. 112056.

Petitioner timely filed the instant federal habeas petition on October 17, 2011, asserting the following claims:

> A. The Commonwealth did not prove beyond a reasonable doubt that petitioner committed the crimes.
>
> B. The Commonwealth did not prove the value of the stolen merchandise was $200 or more, as required for grand larceny.[5]
>
> C. Petitioner was convicted on insufficient evidence because "bare evidence" of possession of stolen goods is not sufficient to support a conviction for breaking and entering.
>
> D. Petitioner's trial attorney was ineffective because he did not file pre-trial motions to suppress the charges due to lack of evidence and did not object at trial that the Commonwealth produced no evidence to support the charges of breaking and entering and grand larceny.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S.

---

[5] This claim is substantially similar to Claim F raised in petitioner's state habeas proceeding.

4

509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

A. Claim B

Under the foregoing principles, Claim B of this petition is exhausted because petitioner presented the claim to the Supreme Court of Virginia during his state habeas proceeding. However, Claim B is procedurally defaulted from federal habeas review. When petitioner raised the claim in his state habeas proceeding the Supreme Court of Virginia dismissed it pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert denied 419 U.S. 1108 (1975), because the claim could have been raised at trial or on direct appeal, but was not. R. No. 110256 at 3. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Furthermore, petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice. Therefore, Claim B must be dismissed from this petition as procedurally defaulted.

B. Claim D

Petitioner has failed to exhaust Claim D because he did not present it to the Virginia Supreme Court on either direct appeal or state habeas review. The determination that petitioner's claim is unexhausted is not altered by the fact that petitioner alleged facts indicating that his counsel was ineffective in his petition for rehearing of the denial of his state habeas petition. It is well-settled that raising a claim in a petition for rehearing does not fairly present the claim to the state's highest court. Hendrick v. True, 443 F.3d 342, 364-65 n.1 (4th Cir. 2006) (citing Lewis v. Sternes, 390 F.3d 1019, 1031 (7th Cir. 2004) and Cruz v. Warden of Dwight Corr. Ctr., 907 F.2d 665, 669 (7th Cir. 1990)).

This does not end the exhaustion analysis, however, because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the

claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, if petitioner now were to attempt to bring this unexhausted claim before the Supreme Court of Virginia, it would be procedurally barred as both untimely and successive, under Virginia Code § 8.01-654(A)(2) and § 8.01-654(B)(2), respectively. The Fourth Circuit has held that the procedural default rules set forth in both § 8.01-654(A)(2) and (B)(2) constitute adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, this claim is simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review. Because petitioner has failed to demonstrate either, this claim must be dismissed from the petition as simultaneously exhausted and procedurally defaulted.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A

state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

A. <u>Insufficiency of the Evidence</u>:

In each of petitioner's remaining claims, he challenges the sufficiency of the evidence supporting his convictions. On federal habeas review, the standard for claims challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's

guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Petitioner asserts in Claim A that the Commonwealth did not prove beyond a reasonable doubt that he committed the crimes, and in Claim C petitioner contends that he was convicted on insufficient evidence because "bare evidence" of possession of stolen goods is not sufficient to support a conviction for breaking and entering. Construing the petition liberally, as in appropriate in pro se matters, Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999), the Court concludes that these claims are substantially similar to Claim I in petitioner's direct appeal, in which he argued that "the evidence was insufficient to convict him of statutory burglary . . . and grand larceny." R. No. 0179-10-2 at 1.

When petitioner challenged the sufficiency of the evidence to support his convictions on direct appeal, the Virginia Court of Appeals rejected the claim, holding that the record supported the trial court's conclusion that petitioner committed grand larceny and burglary. Specifically, the Virginia Court of Appeals explained that the evidence established that "the day after the break-in at Modern Coins, appellant possessed two gold coins and $4,000-$6,000 in U.S. and foreign currency taken from the store." R. No. 0179-10-2 at 3. Furthermore, the Court concluded that petitioner's testimony that he "was going to try to sell [the coins] and make a profit" further established his "possessory interested in the coins and currency." R. No. 0179-10-2 at 3 Additionally, although another individual, Ayers, possessed one of the gold coins stolen from Modern Coins, the Virginia Court of Appeals noted that "Ayers' possession of a single stolen gold coin does not negate appellant's exclusive possession and exercise of dominion and control over the two gold coins and currency that were in the plastic bag in his hotel room." R.

No. 0179-10-2 at 3. Based on this evidence, the Virginia Court of Appeals concluded:

> [T]here is evidence in the record to support the trial court's conclusion that appellant committed grand larceny and burglary. Despite appellant's claim that he purchased the coins and currency from someone else and did not know the goods were stolen, when Levinwhite told appellant he was investigating a break-in at Modern Coins, appellant immediately led Levinwhite to the stolen property. Although appellant testified at trial that he did not commit grand larceny or burglary, the trial court was not required to believe appellant's testimony; by its verdict, it is clear that the trial court did not believe appellant's explanation of how he acquired the stolen goods. See Marble v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998) ("The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.")
>
> From this evidence, we conclude the trial court did not err in concluding the permissive inference of guilt applied to appellant. We further conclude that a "rational trier of fact could have found the essential elements of [grand larceny and burglary] beyond a reasonable doubt." Abdullah v. Commonwealth, 53 Va. 750, 755, 675 S.E. 2d 215, 218 (2009) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)).

R. No. 0179-10-2 at 4. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Rose v. Commonwealth, R. No. 102021.

Based on the evidence described above, a "rational trier of fact could have found the essential elements of [grand larceny and burglary] beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Therefore, the decision by the state court was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Thus, this Court must defer to the state court and Claims A and C of the petition must be dismissed.

## V. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 19th day of June 2012.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia